Mr. Max Brantley Editor, Arkansas Times 201 East Markham Little Rock, AR 72201
Dear Mr. Brantley:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA") which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 1995), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. Your request pertains specifically to a report on a telephone conversation between a Little Rock School District ("District") employee and a caller. The report was prepared by the District employee. The District has denied your request for a copy of the report, stating that the report is a job performance record exempt from disclosure under A.C.A. § 25-19-105(c)(1).[1]
It is my opinion, based upon the facts that have been related to me, that the custodian's decision in this instance not to release the requested record is marginally consistent with the FOIA.
It is my understanding that the record in question relates the substance of a telephone conversation between a District employee and a District patron. The District advises me that the employee was answering calls under the direction of her supervisor. The employee brought a particular conversation to the attention of her supervisor, and was then instructed by the supervisor to reduce the substance of the conversation to writing. This report was then reviewed and discussed with the employee. The report has not formed the basis for suspension or termination of the employee. See generally A.C.A. § 25-19-105(c)(1), supra at n. 1.
The FOIA does not define "employee evaluation or job performance records." Nor do we have the benefit of a definition developed through case law authority. While it is my opinion that the primary intent of A.C.A. § 25-19-105(c)(1) is to preserve confidentiality of the formal job evaluation process in order to promote honest exchanges in the employee/employer relationship, this office has previously opined that ancillary documentation may also be protected. We have said, for example, that in the absence of a definition, the term "job performance record" may reasonably be construed as referring to a record which details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See, e.g., Op. Att'y Gen. 92-310. See also J. Watkins, The Arkansas Freedom ofInformation Act 205-206, nn. 321 and 322 (2d ed. 1994) (citing Attorney General opinions wherein definition is applied). The term "job performance" has been interpreted to include incident reports and records of investigations into alleged employee misconduct. See, e.g., Ops. Att'y Gen. 93-076, 92-319, 92-247 and 92-207. Supporting documents such as supervisors' memos and incident reports have also been deemed to fall within the exemption under § 25-19-105(c)(1) for "evaluation" records. Ops. Att'y Gen. 92-089 and 93-076.
In this instance, the report detailing the employee's conversation was prepared by the employee herself rather than by her supervisor or another employee or individual. Under most circumstances, documents or reports which are routinely or spontaneously created by employees in the course of their duties will not be exempt from disclosure under the FOIA. Here, however, the District asserts that the report was created at the supervisor's request as part of an inquiry into or investigation of the employee's performance with regard to a specific incident. For purposes of applying the "evaluation or job performance records" exemption in this case, the critical factors, in my opinion, turn on the supervisor's request for the report and the use of the report in evaluating the employee's performance.
Other factors may be involved in assessing the exemption's applicability in any given case, and fact questions may arise. The absence of a comprehensive legislative or judicial definition precludes any across-the-board determination and requires a case-by-case review. Certainly, however, a record does not constitute a job performance record for purposes of the exemption merely because it reflects some aspect of how an employee is doing his or her job. Neither can a previously prepared document which is not otherwise exempt be transformed into a job performance record by a supervisor's later acts in conducting an investigation or preparing an evaluation. To hold otherwise would give an employer the ability to shield any unfavorable document by simply declaring it to be a job performance record.[2] While it is a very close question, I am persuaded that the application of the exemption is appropriate where, as in this case, the creation of the record was solicited by the employer for evaluation purposes and was used by the employer in reviewing the employee's performance. Applying the exemption in this instance will satisfy what one recognized FOIA commentator has identified as "the public interest in maintaining an effective public employee evaluation system as well as the privacy interests of employees." The Arkansas Freedom of Information Act, supra at 131.
It is therefore my opinion that the custodian was correct in determining that the report is exempt from public inspection and copying under A.C.A. § 25-19-105(c)(1). The report falls within the "employee evaluation or job performance records" exemption, and there has been no decision to suspend or terminate the employee.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Royce O. Griffin.
Sincerely,
WINSTON BRYANT Attorney General
WB:ROG/cyh
[1] Section 25-19-105(c)(1) states that "all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[2] I am aware that this interpretation appears to be in conflict with language in Op. Att'y Gen. 95-131. To the extent an actual conflict exists, those portions of Op. Att'y Gen. 95-131 are herewith withdrawn.